1. SURROGATES' COURTS—JURISDICTION—CANCELLATION OF INSTRUMENTS.

In an accounting by an executor, the surrogate cannot set aside for fraud a release given by a legatee to the executor of his share in the estate, since that is a matter of equitable cognizance.

2. JUDGMENTS—CONCLUSIVENESS.

Parties to a decree confirming an agreement are estopped to question the validity of the agreement.

Judicial settlement of the account of Mary M. Irvin and Daniel Lord, as executors, etc., of John J. Irvin, deceased.    On motion to dismiss objections to the account.    Granted.

Lucius H. Beers, for petitioner.

Root, Howard, Winthrop & Stimpson and Philip F. Connell (Frederick W. Adee, of counsel), for objectors.

FITZGERALD, S.    This is a proceeding for an accounting, under section 2606, Code Civ. Proc., by the executors of Richard Irvin, deceased, who was in his lifetime the sole executor of John J. Irvin. The administrator c. t. a. of the last-named estate and two residuary

legatees filed objections to the account, alleging that it failed to charge the accountants with an unascertained amount representing the value of the alleged interest of this decedent in the firm of Richard Irvin & Co. The present motion is made to dismiss the objections on the ground that the objectants are barred by an agreement and release by which the entire matter was settled, and mutual releases exchanged. The execution of this release is not denied. In Re Randall, 152 N. Y. 508, 46 N. E. 945, decided in April, 1897, the court of appeals considered the subject of the jurisdiction of the surrogate's court where it is sought to avoid the effect of an instrument by which parties in interest have devested themselves of their shares in the estate. In that case it appeared that during the summer following the decedent's death parties interested entered into negotiations with the administrator for a sale to him of their respective interests in the estate. Four days before the administrator was appointed they executed an assignment to him of their interests in the estate, and he paid them certain sums of money therefor. It was claimed that these papers were procured from them by the administrator by false and fraudulent representations. The latter gave a different version of the transaction, claiming that it was a fair purchase by him of the interests of the sisters, made upon their urgent solicitation, and based upon what was regarded at the time as a fair valuation. By his decree the surrogate, without formally setting aside the assignments, ignored them, and required the administrator to account upon the same basis as if they had not been made; but he credited the amount of the consideration recited in the respective assignments as of the date when the money was paid. Upon appeal to the general term the decree was affirmed on the ground that the administrator had no right to purchase the interests of the sisters for his own benefit; that the attempt to so purchase inured to the benefit of the remaining heirs and next of kin of the decedent, and, as they did not appeal, that the administrator had not been injured by the decree of the surrogate, and had no cause for an appeal therefrom. The court of appeals, after reviewing the former decisions upon the lack of jurisdiction of the surrogate to annul or set aside releases, etc., and to exercise generally the powers of a court of equity, says:

"It cannot be denied that a distributive share of an estate may be transferred by assignment, for the statute recognizes the right, and, where the validity of the assignment is undisputed, the court may decree distribution accordingly. When, however, the validity of the assignment is attacked on the ground that it was procured by fraud, a question is presented requiring for its determination the general power of a court of equity, and, in some cases, the trial of issues by a jury. The surrogate's court was not created for that purpose, and has not been given that power. It is not claimed that such power has been expressly conferred, and the argument in favor of its existence, by implication, is opposed by the current of authority, as well as the improbability that the legislature, in view of the trend of judicial decisions, would leave to inference a subject of such moment. When, therefore, upon an accounting in surrogate's court, the same distributive share is claimed by two persons, one by original title and the other by assignment, apparently valid, resort must be had to a court of equity to settle the dispute, for the surrogate is without power to determine the question. A genuine controversy as to the validity of the assignment prevents the surrogate from directing payment to either claimant until the one or the other has

'established' his claim before the proper tribunal. We think that the learned surrogate exceeded his powers when he disregarded and practically set aside the written assignments, made by Jane and Sarah Randall, of their distributive shares in the estate of the decedent. The judgment of the general term and the decree of the surrogate, so far as appealed from, should therefore be reversed, with costs, and the matter remitted to the surrogate's court of Washington county, with directions to proceed in accordance with this decision, and with leave to grant a stay of proceedings for a reasonable time to enable the respondents to establish their rights by an action in the supreme court." In re Randall, 152 N. Y. 520, 46 N. E. 948.

This case is on all fours with the case at bar. Until the agreement mentioned above has been set aside by a court of competent jurisdiction, it is an insuperable obstacle to the filing of objections by the parties thereto. The very parties now filing objections were made parties to, and duly appeared in, the accounting of William Irvin, surviving executor of Richard Irvin, Sr., the decree in which was entered March 9, 1897, in which this agreement and the assignment given in pursuance thereof were ratified and confirmed. They are consequently doubly estopped from questioning its validity,—first, by the decree above referred to, and also by joining in the agreement. The application to strike out the objections is granted, and a course should be pursued similar to that directed by the court of appeals in Re Randall, supra.

Decreed accordingly.